IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLONEL SCOTT C. NAUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **COMPLAINT** |
| CHRISTINE WORMUTH, Secretary of the Army, | ) |
| | ) |
| | ) Case No. |
| LIEUTENANT GENERAL MILFORD H. BEAGLE JR., and | ) |
| | ) |
| LIEUTENANT COLONEL BENJAMIN GONG, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Scott C. Nauman, through counsel, brings this Complaint against the above-named defendants, in their official capacities, for declaratory and injunctive relief, alleging as follows:

**INTRODUCTION AND NATURE OF ACTION**

1. This is an action for declaratory and injunctive relief. Defendants' agents issued an indefinite Military Protective Order (MPO) to Colonel Scott Nauman (Nauman) which prohibits him from all contact with his 4 daughters: KN, 14 years old; AN, 17 years old; MN, 23 years old; JN, 19 years old. The imposition of an indefinite MPO, essentially a military restraining order, without notice or hearing is a violation of Nauman's Fifth Amendment right to due process and his fundamental right in the care, custody, and control of his two minor daughters. Nauman therefore requests this Court to declare the MPO unlawful and enjoin its enforcement by Defendants, their successors, and subordinates.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the United States Constitution.

3. The Court has power to grant declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 28 U.S.C. § 2201, and Federal Rules of Civil Procedure 57 and 65.

4. The Court has personal jurisdiction over the Defendants.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e) because Defendants are federal officers acting in their official capacities and a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

6. Plaintiff Scott Nauman is a Colonel in the Unites States Army and is currently assigned to the Combined Arms Center on Fort Leavenworth, Kansas. He has served continuously on active duty since his commissioning as an officer on June 3, 1995.

7. Defendant Christine Wormuth is the Secretary of the Army. As Secretary of the Army, she is responsible for, and has the authority necessary to conduct all affairs of the Department of the Army. See 10 U.S.C. § 5013. She is sued in her official capacity for declaratory and injunctive relief pursuant to 5 U.S.C. § 702.

8. Defendant Lieutenant General Milford H. Beagle, Jr. (Beagle), is the Commanding General of the Combined Armed Center (CAC) and Fort Leavenworth, Kansas. As the Commanding General, Beagle is responsible for, and has authority over, the service members assigned to the CAC and Fort Leavenworth to include Nauman and Defendant Lieutenant Colonel Benjamin Gong. Defendant Beagle is sued in his official capacity for declaratory and injunctive relief pursuant to 5 U.S.C. § 702.

9. Defendant LTC Benjamin Gong (Gong) is the commanding officer of the CAC Special Troops Battalion and is responsible for, and has authority over, Nauman. Defendant Gong is sued in his official capacity for declaratory and injunctive relief pursuant to 5 U.S.C. § 702.

## FACTS

10. Nauman and his ex-wife, Sara Mader-Nauman, divorced in June of 2018. The divorce was filed in South Dakota. Residential custody of the minor children was awarded to Nauman, in a stipulated agreement between the parties.

11. In May 2019, Sara petitioned the Leavenworth County District Court to register the divorce from South Dakota in the State of Kansas because the (at the time) three minor children had lived in Leavenworth County, and two were still residing with Nauman at his home in Lansing, Kansas.

12. In July 2019, Sara filed a motion to modify custody and child support, seeking residential custody of all three minor children.

13. Ms. Mader-Nauman has levied abuse allegations against Nauman throughout a years-long custody dispute. Investigative reports completed by court officers in response to the pervious allegations found no evidence of abuse and the Child Custody Investigator furthermore recommended that all children reside with Nauman.

14. In accordance with the currently agreed to parenting plan, the minor children, AN and KN, reside with Sara, and each parent will be allowed frequent, meaningful, and pleasant communication and contact with the child by the other. Nauman is to have weekend parenting time on at least every other weekend, and additional parenting time on one night during the week. Holiday parenting time is also divided evenly between both parents.

15. On November 2, 2022, Defendant Gong issued an MPO to Nauman listing his ex-wife, Ms. Sara Mader-Nauman, as a protected person along with his four daughters.

16. On November 18, 2022, Sara requested a Civilian Protection from Abuse (PFA) Order in Leavenworth County District Court. Judge Robert Bednar presided over the proceedings and dismissed the case on December 13, 2022. Prior to the hearing on December 13, 2022, Judge Bednar became aware of the open child custody case, in a different court within Leavenworth County District Court. Judge Bednar was openly displeased to see that Sara and her attorney, Larry Swall, appeared to be "venue shopping" for a new court in which to hear their custody arguments. Prior to signing the order of dismissal, Judge Bednar reprimanded Mr. Swall for filing a request for a PFA while a child custody action was pending in Leavenworth County District Court. He also admonished Mr. Swall for bringing abuse charges before the court that were investigated and resolved during previous court hearings and awarded attorney's fees to Nauman.

17. On January 24, 2023, Defendant Gong modified the MPO by replacing the protective order for Sara with a limited contact order and made no changes regarding the daughters.

18. On January 25, 2023, Nauman requested relief from the MPO via a request for redress submitted to Defendant Gong pursuant to Article 138 of the Uniform Code of Military Justice (10 U.S.C. § 938). The request was denied on February 8, 2023.

19. On February 9, 2023, Nauman submitted an Article 138 request for redress to Defendant Beagle. The request was denied on March 2, 2023 by verbal order. Nauman has fully exhausted administrative remedies within the Department of Defense to challenge an unlawful order.

20. Defendants have no regulations in place regarding the procedure for imposition of

MPOs. Defendants have not applied any ad hoc procedure in Nauman's case to weigh the probability of harm and magnitude of harm related to further imposition of the MPO versus rescinding the MPO.

## FIRST CLAIM

### Violation of Fifth Amendment Right to Procedural Due Process

21. Plaintiff hereby realleges and incorporates by reference each of the foregoing allegations as if set forth fully herein.

22. Defendants' imposition of an indefinite restraining order upon all contact between Nauman and his daughters with no procedural safeguards violates due process of law under the Fifth Amendment to the United States Constitution.

## SECOND CLAIM

### Violation of Fifth Amendment Right to Substantive Due Process of Integrity of the Family

23. Nauman hereby re-alleges and incorporates each of the foregoing allegations as if set forth fully herein.

24. The MPO of Defendants' violates Nauman's substantive due process right in the integrity of his family, specifically the care, custody, and control of his children.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays that this Court:

    a.    Declare that the Military Protective Order violates Plaintiff's constitutional right in the integrity of his family.

    b.    Issue an injunction forbidding Defendants and their successors, agents, officers, servants, and/or employees and anyone acting in concert with any of the foregoing persons, to enforce any Military Protective Order which interferes with the integrity of Plaintiff's family.

    c.    Award costs and reasonable attorney's fees; and

    d.    Grant and order such further relief as the Court may deems just and proper.

Dated:  March 6, 2023.

                              s/Aimee M. Bateman  
                              Aimee M. Bateman  
                              Bar Number 29033  
                              Attorney for Plaintiff  
                              Bateman Law Group, LLC  
                              302 Shawnee Street  
                              Leavenworth, KS 66048  
                              Phone: (913) 565-2998  
                              E-mail: aimee@leavenworthlawyer.com

## **DESIGNATION OF PLACE OF TRAIL**

Comes now the Plaintiff and designates Kansas City as the place trial.

                              /s/Aimee M. Bateman  
                              Aimee M. Bateman (#29033)