# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COLONEL SCOTT C. NAUMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CHRISTINE WORMUTH, in her official capacity as Secretary of the Army, LIEUTENANT GENERAL MILFORD H. BEAGLE JR., in his official capacity, and LIEUTENANT COLONEL BENJAMIN GONG, in his official capacity, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 2:23-cv-02102-DDC-TJJ

## **RESPONSE TO MOTION FOR A STAY OF DISCOVERY**

Plaintiff Scott C. Nauman opposes the Defendants' motion for a stay of discovery.

## INTRODUCTION

The Plaintiff requests that this Court deny the Defendants' request for a stay of discovery. It is unlikely that this case will be concluded via dispositive motion, and the Plaintiff's continuing injury requires swift resolution of this matter. Furthermore, the Plaintiff does not anticipate discovery outside of the bounds of the administrative records, rendering most of the Defendants' concerns and argument moot.

## BACKGROUND

Plaintiff restates the facts as set forth in his complaint. He partially contests the Defendants' facts set forth in their motion, in that the complaint provided (Doc. 11-2) is not the proper pleading and Doc. 11-3 does not reflect the current status of the criminal case. The

Plaintiff is now charged with one count of aggravated indecent liberties with a child and one count of aggravated sexual battery (*see* Ex. 1, Amended Complaint in LV-2023-CR-000225). This case has been set for trial on October 2, 2023 (*see* Ex. 2, Case Summary).

## ARGUMENT

### I. General Standards for Staying a Case

As the Defendants note in their motion, it is well-established in the District of Kansas that discovery should not be stayed merely because a dispositive motion has been filed. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). Defendants have the burden of showing that this stay is appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Id*.

The Plaintiff concurs with the Defendants' position that the Administrative Procedure Act ("APA") confines this matter to the administrative record. Therefore, "discovery" is complete, and there is no burden on the Defendants to proceed expeditiously. In order "to secure the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1), the Defendants' motion should be denied.

### II. Overlapping Criminal Proceeding

The Defendants' assertion that "potential prejudice to the Plaintiff if the case is stayed is low to nonexistent" (Doc. 11, pg. 5) is false. The overreaching and unconstitutional MPO is far broader than the conditions of bond (Doc. 10-9, which simply reminds the Plaintiff not to

commit the crime of witness intimidation), and it directly conflicts with the current parenting plan in place by the Leavenworth County District Court.

There is not "significant overlap between the factual concerns of the civil and criminal matters" (Doc. 11, pg. 6) as alleged by the Defendants. The matter before this Court is a matter of law regarding the unconstitutional overreach of the Army into matters within the purview of the state courts of Kansas. Even if the legality of the MPO turned on the underlying facts of the criminal case, there are four protected parties contained in the MPO, two of which are neither named victims nor even witnesses in the criminal proceeding (*see* Ex. 2).

The Defendants rightfully state that they cannot assert the Fifth Amendment rights on Plaintiff's behalf. There is no need for concern for any adverse interest that may result, given the fact that the administrative record is set and the Plaintiff is hereby demanding swift action to cure the *existing* infringement on this Fifth Amendment right to the custody, care, and control of his children.

Regarding public interest, there is a process and procedure in the State of Kansas to protect children from abuse. Any delay in the resolution of this matter in federal court only harms the Plaintiff. The Defendants in their official capacities do not have a "traditional and transcendent interest" in protecting children from abuse; the *State* does.[1] The Army's interest is constrained by their own regulations,[2] and the Defendants have provided insufficient justification for military involvement in this family matter.

---

[1] *See Maryland v. Craig*, 497 U.S. 836, 838 (1990).

[2] DoD Instruction 6400.06: DoD Coordinated Community Response to Domestic Abuse Involving DoD Military and Certain Affiliated Personnel (May 16, 2023), https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/640006p.pdf.

## III. Justiciability

As alluded to above, this Defendants are likely to fail on their Motion to Dismiss on the issue of justiciability because the matter is not a "specific military function"[3] that should be afforded deference. The claim at issue is the Plaintiff's constitutional right to the care, custody, and control of his children, not the merits of the underlying criminal allegations in State court. The military has taken his rights, separate and apart from any criminal proceeding, by issuing an MPO and affording no due process. The Army cannot effectively terminate parental rights in non-exigent circumstances. Therefore, the Defendants' Motion to Dismiss is likely to fail.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff requests that the Court denies the Defendants' motion to stay discovery.

Dated: June 8, 2023.

> s/Aimee M. Bateman
> Aimee M. Bateman
> Bar Number 29033
> Attorney for Plaintiff
> Bateman Law Group, LLC
> 302 Shawnee Street
> Leavenworth, KS 66048
> Phone: (913) 565-2998
> E-mail: aimee@leavenworthlawyer.com

---

[3] *Mindes v. Seaman*, 453 F.2d 197, 202 (5th Cir. 1971).