# Exhibit 2

Journal entry of modification as to parenting time and support, in *Nauman v. Mader-Nauman,* Case No.: 2019-DM-000394, Leavenworth County, KS, District Court

ELECTRONICALLY FILED
2022 Nov 02 PM 2:41
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: 2019-DM-000394
PII COMPLIANT



**Court:** Leavenworth County District Court

**Case Number:** 2019-DM-000394

**Case Title:** Scott C Nauman vs. Sara Mader-Nauman

**Type:** JOURNAL ENTRY OF MODIFICATION AS TO PARENTING TIME AND SUPPORT

SO ORDERED.

/s/ Honorable Dan K. Wiley, District Court Judge

Electronically signed on 2022-11-02 14:41:46    page 1 of 14

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| **SCOTT C. NAUMAN,** ) | |
| *Petitioner,* ) | Case No.: 2019-DM-000394 |
| ) | |
| **SARA J. MADER-NAUMAN,** ) | |
| *Respondent.* ) | |

**JOURNAL ENTRY OF MODIFICATION AS TO PARENTING TIME AND SUPPORT**

**NOW ON THIS** 28th day in May 2021, comes on regularly to be heard the Motion to Modify as to Custody and Child Support heretofore filed by Respondent, **SARA J. MADER** (formerly Nauman). Petitioner **SCOTT C. NAUMAN** appears through his attorney, **GARY NELSON**. Respondent, **SARA J. MADER** (formerly Nauman), appears by and through her attorney **LARRY V. SWALL**. The Guardian Ad Litem, **KEVIN REARDON**, appears in person for the minor children. The **HONORABLE DAN K. WILEY,** Judge, assumes jurisdiction herein.

**NOW, THEREFORE,** upon statements of counsel as to the agreement of the parties, the Court finds as follows:

**1.** **Jurisdiction**: This Court has subject matter jurisdiction and personal jurisdiction over both parties.

**2.** **Residence**: Petitioner is presently a resident of Leavenworth County, Kansas. Respondent is a resident of Clay County, Missouri.

**3.** **Armed Services Membership**: Petitioner is a member of the United States Army on active duty, stationed at Fort Leavenworth, Kansas. Respondent is not a member of any branch of the armed forces of the United States or its Allies on active duty.

**4.** **Prior Marriage**: Petitioner and Respondent were once married, the parties having been divorced on June 25, 2018, by Decree of Divorce and Judgment entered in the Fourth Judicial Circuit Court in and for Lawrence County, State of South Dakota, Division 18-35.

**5.** **Registration of Judgment:** The South Dakota Judgment was properly registered

in the District Court of Leavenworth County, Kansas, on or about May 9, 2019, without objection.

**6.   Prior Orders:** The Decree of Divorce and Judgment granted joint legal custody of the minor children; namely, Julia Nauman (YOB 2003), A▮▮▮ ▮▮▮▮▮ Nauman (YOB 2005) and K▮▮▮▮▮▮▮ Nauman (YOB 2008) with primary physical custody to Petitioner, and Petitioner's address designated for education and mailing purposes.

**7.   Other Litigation (UCCJEA):** Petitioner nor Respondent have participated in any litigation concerning the care and custody of the minor children either in this or any other state; Petitioner nor Respondent have any information of any other custody proceeding concerning the children pending before a court of this or any other state, and has no knowledge of any person not a party to this proceeding who has physical custody of the children or who claims to have custody or visitation rights with respect to the children.

**8.   Subject Matter Jurisdiction (UCCJEA):** This Court is competent to decide child custody, visitation, and support matters with respect to the children because:

(a) This state was the home state of the children as defined by K.S.A. Section 38-1302, at the time of the filing of this Motion.

(b) The children and at least one of their parents have remained a resident of the State of Kansas; and there is available in this state substantial evidence concerning the children's present and future care, protection, and personal relationships.

(c) It appears that no other state has or would be able to assume jurisdiction over the minor children pursuant to the guidelines set out in K.S.A. Section 38-1303.

**9.   Residence of Child (UCCJEA):** Said minor children have resided in the State of Kansas with Petitioner since the entry of the last custody order, with the exception of the child A▮▮▮ ▮▮▮▮▮ H. Nauman, who has also resided in the State of Missouri.

**10.   Change of Circumstances:** Certain facts have arisen since the Court at the time of entry of the original Judgment effectuating a change in the circumstances of the children and their custodians so substantial and continuing as to make the terms and conditions of the parenting plan and child support now in effect unreasonable and not in the best interests of said minor children. Such facts include but are not limited to the child A▮▮▮ ▮▮▮▮▮ H. Nauman has been residing with Respondent, with the consent of Petitioner, and attending school in Liberty,

Missouri.

**11.     Child Custody Investigation:** Child Custody Investigation: A Child Custody Investigation was ordered by this court and report made to the court. This report recommended that all minor children reside with the Father with increased parenting time given to the Mother. Said report was made available to review by the parties' counsel and Guardian Ad Litem.

**12.     Agreement:** The Proposed Stipulation of Modification, has been examined by the Court and is found to be in the best interest of the minor children.  Said Agreement is as follows:

## STIPULATION

**THIS AGREEMENT,** made and entered into this _____ day of July, 2022, by and between **SCOTT C. NAUMAN,** (hereafter "Scott") and **SARA J. MADER-NAUMAN,** (hereafter "Sara") regarding Sara's Motion to Modify filed June 2019.

**RECITALS:**

**A.**     Petitioner is presently a resident of Leavenworth County, Kansas. Respondent is a resident of Clay County, Missouri.

**B.**     Petitioner and Respondent were once married, the parties having been divorced on June 25, 2018, by Decree of Divorce and Judgment entered in the Fourth Judicial Circuit Court in and for Lawrence County, State of South Dakota, Division 18-35.  That Judgment was properly registered in the District Court of Leavenworth County, Kansas, on or about May 9, 2019.

**C.**     The Decree of Divorce and Judgment granted joint legal custody of the minor children; namely, Julia Nauman (YOB 2003), A█████ Nauman (YOB 2005) and K█████ Nauman (YOB 2008) with primary physical custody to Petitioner, and Petitioner's address designated for education and mailing purposes.

**D.**     Subsequent hearing on May 28th, 2021 with Judgement of the court rendered on June 24, 2021 granted joint legal custody of the minor children with primary physical custody of AnnaMarie Nauman to the Respondent and primary physical custody of Julia Nauman and K█████ Nauman to the Petitioner.

**E.** Since that hearing, the following facts have arisen which necessitate a change to the custody agreement:

**(i)** Julia Nauman has reached the age of 18 and graduated High School, becoming emancipated.

**(ii)** K▮▮▮▮ Nauman has reached the age to begin High School and has expressed a desire to live with her mother (the Respondent) and sister, A▮▮▮▮ Nauman. Therefore, the parties have agreed that it is in the best interests of the minor children for A▮▮▮▮ and K▮▮▮▮ Nauman to primarily reside with Respondent, Sara Mader, and start school in the Liberty Missouri School District beginning August 19, 2022.

**F.** **Custody**: It is in the best interest of the unemancipated minor children that Petitioner and Respondent maintain joint custody, and both shall make any decisions regarding the children's health, education, activities, and welfare pursuant to the written plan of custody set forth hereinafter.

**G.** **Residence**: The minor children, A▮▮▮▮ (H▮▮▮ and K▮▮▮▮ will reside with Respondent in Liberty, Clay County, Missouri and attend school in the Liberty School District.

**H.** **Parenting Plan:** The parties agree that the following parenting plan is in the best interests of the minor children:

**i.** **Joint Custody -** "Joint custody" means that parents share the decision-making rights, responsibilities, and authority relating to the health, education, and welfare of their children. The parties believe that each party has the ability to provide valuable assistance to our children. The decision to divorce should not relieve or deprive either parent of the responsibilities and rewards which come with the raising of children and should not serve to deprive the children of the guidance and other benefits available when both mother and father share childcare responsibilities. For these reasons, the parties agree to exercise joint custody of their children, pursuant to the written plan contained herein.

**ii.** **Legal Residence -** Subject to the parenting plan below, Mother's address will be the legal address for A▮▮ (H▮▮▮) and K▮▮▮▮ for educational purposes.

**iii.** **General Parenting Time -** Each will be allowed frequent, meaningful, and pleasant communication and contact with the child by the other and will have the right to

*exercise parenting time under reasonable circumstances and as the parties may agree. At a minimum, each parent will be entitled to the parenting time set forth below:*

   *iv. **Weekend Parenting Time** – For K▮▮▮▮▮, Parents will establish a weekend schedule where Father will have the children on alternating weekends from 6:00 pm on Friday until 6:00 pm on Sunday. Additionally, Father will have H▮▮▮ one additional weekend each month, with at least 14 days advance notice to Mother. Mother will have K▮▮▮▮▮ on the opposite and alternating weekends from 6:00 pm on Friday until 6:00 pm on Sunday. In cases where there is a long weekend due to school not being held on a normal school day, the weekend parenting time will be appropriately extended to match the extended weekend on the school calendar.*

   *v. **Weekday Parenting Time**- Father may have the children one evening during the week from when school is released until 8:00 p.m.*

   *vi. **Holiday Visitation** - Every effort will be made to ensure that the children have meaningful and pleasant communication and contact with both parents during all holiday seasons. Absent agreement, the children will spend the following holidays with each parent:*

   ▸ ***Spring Break*** *- Each parent will spend the children's spring break in alternating years, from 4:00 p.m. on the last school day prior to the break until 8:00 p.m. the day prior to the resumption of school. In odd numbered years Father will have the child for Spring Break; and, in even numbered years Mother will have the child for Spring Break. Each will notify the other of any travel out of state for Spring Break, at least 60 days prior to the Break.*

   ▸ ***Easter*** *- Odd numbered years for Mother and Even numbered years for Father, from 4:00 p.m. on the last school day prior to the holiday and ends at 8:00 p.m. the following Sunday.*

   ▸ ***Memorial Day Weekend*** *– Even numbered years for Father and odd numbered years for Mother, from 4:00 p.m. on Friday to 6:00 p.m. on Monday.*

   ▸ ***Independence Day*** *- Odd numbered years for Father and even numbered years for Mother, from 4:00 p.m. on July 3 until 6:00 p.m. July 5.*

   ▸ ***Labor Day*** *- Even numbered years for Mother and odd numbered years for Father, from 4:00 p.m. on Friday to 6:00 p.m. on Monday.*

   ▸ ***Thanksgiving Weekend*** *- Odd numbered years for Mother and even numbered*

*years for Father, from 4:00 p.m. of the last school day prior to the holiday and end at 8:00 the following Sunday.*

▸ **Christmas Holiday** - *Odd year for Father and even years for Mother, from 4:00 p.m. the last day of school prior to the holiday until 6:00 pm December 30th*

▸ **New Year's** - *Odd numbered years for Mother and even numbered years for Father, from 6:00 p.m. on December 30th until 8:00 p.m. the day prior to the resumption of school. The year number will be determined by the outgoing year.*

▸ **Mother's/Father's Day** - *Weekend - with the Father on Father's Day and Mother on Mother's Day from 6:00 p.m. Friday until 6:00 p.m. Sunday.*

▸ **Children's birthdays** - *Odd numbered years with Father and even numbered years with Mother from 9:00 a.m. until 8:00 p.m. if on a weekend, and if on a school day from 4:00 p.m. to 8:30 p.m.*

**vii.** **Vacation Time -** *Each parent may select two (2) weeks of visitation each summer to spend vacation time from work with the children; however, neither may select more than two consecutive weeks at one time. Unless otherwise agreed prior to March of each year, vacation visitation will be selected by parents on an alternating basis with Mother having first opportunity to select in even numbered years; and Father having first opportunity to select in odd numbered years. Each will give written notice to the other of the vacation visitation selected. Vacation time may not interfere with the attendance of school, without mutual consent of both parents.*

**I.** **Parenting Time Rules -** *Holiday parenting time takes priority over weekend. Vacation parenting time takes priority over weekends. If any holiday falls on a Friday or Monday, it will include the nearest Saturday and Sunday, even if this conflicts with the weekend parenting time described above. Either parent may request deviation from the schedule set out above; however, unless otherwise agreed, the parent requesting the deviation must contact the other 1 week prior to the requested deviation. The other parent needs to agree. Allowances should be made by either party when circumstances do not allow for such advance notice.*

**J.** **Transportation – Absent agreement otherwise,** *the parent receiving the children for parenting time will pick the children up to begin his or her parenting time.*

**K.** **Child Care Guidelines:**

*(a)     **Phone communication** - Each will be entitled to telephone communication with the children at least one time per week while they are in the physical custody of the other parent; however, said telephone communication shall be kept to a reasonable length of time.*

*(b)     **Change of residence and travel** - Neither will change their residence without advising the other.  Each will give the other his/her residence addresses and telephone numbers.  If either party travels out of town for more than five (5) days, then he/she will notify the other of his/her destination and provide a telephone number where he/she may be reached in the event of an emergency affecting the child.*

*(c)     **Cooperation and communication** - Each parent will use his/her best efforts to foster respect, love and affection between the children and the other parent.  Each will cooperate fully with the other in implementing and maintaining relationships between the children and both parents so that he/she feels secure in those relationships and has a maximum sense of stability and security.  The parties will refrain from any conduct or communication which might serve to undermine these commitments.  In this regard each will show respect to the other as a parent and will not demean, criticize, or ridicule the other parent in the child's presence.*

*(d)     **Advancement of health, education, and growth** - Each party earnestly advance the children's social and academic needs, goals, and commitments, even though they may not always agree on how best to achieve these objectives.  The parties will regularly confer with one another when making decisions affecting the children, to the end that each will have a serious voice on issues regarding their training, education, growth, and development.  Areas in which they will confer include, but are not limited to, choice of school, college, summer camp, special tutoring, music, art, dance, and other cultural lessons, participation in athletics and other extracurricular activities, psychological or psychiatric treatment and counseling, doctors, surgeons, and in all other material areas affecting the children's health, education, and welfare. Each parent will notify the other as soon as possible of any activity, such as a school conferences or program, where parents are invited to attend.  The presence of both parents at these functions is encouraged and welcomed.*

*(e)     **Notice of health care issues** - Each will advise the other of any serious*

*illness or injury suffered by the children as soon as possible after learning of same. Mother will be responsible for scheduling of routine medical, dental, and ophthalmologic appointments; and must provide appointment dates and times to Father. Each will give the other details of any injury or illness suffered by the children and the name and telephone number of any attending physician. Each will direct all doctors involved in the children's care and treatment to give the other all information regarding any such illness or injury. Each shall agree to general care providers for health and dental care for the children; however, in the event of a disagreement, the parent with whom the child is with at the time medical care is deemed necessary shall be able to determine the health care provider, so long as the provider is within the applicable insurance network. Either party shall be able to obtain necessary emergency medical care without the consent of the other.*

*(f) **Miscellaneous** - Neither party will consume intoxicating amounts of alcohol or illicit drugs or be under the influence of intoxicating amounts of alcohol or illicit drugs, in the children's presence. Neither will discuss problems of the parties with the children. If either parent needs to discuss our relationship, they should consult with the other parent or a counselor for assistance and advice.*

*(g) **Dispute Resolution** - In the event that the parties are unable to resolve a conflict on an issue of the health, education, or general welfare of the minor children, it is hereby agreed that they shall confer and select an independent third party such as a psychologist, friendly counselor, social worker, mediator or a mutually agreed upon a person to mediate dispute between them. If the parties are unable to agree upon a mediator, the respective attorneys at that time shall confer and select such a person to mediate. It is further agreed that mediation, as aforesaid, to attempt resolve any conflict shall be deemed a necessary prerequisite it to the instigation of legal action concerning such an issue.*

*(h) **Extracurricular and school activities**: The children will have certain expenses associated with extracurricular and school activities each year. As such, the parties shall share any agreed upon expenses of the children with respect to activities they become involved in. Each will provide the other with copies of charge schedules or information regarding costs of such activities. Costs shall be divided 40% to Father and 60% to Mother and they shall pay said cost when due. If a parent enrolls the child in an activity which occurs solely*

on their own time, they will be responsible for those expenses.

   **L.**  **Summer Holiday**: The parents will divide the summer holiday time equally between the parents. The parents will establish a schedule whereby the children alternate between homes on 2-week basis, or as otherwise developed by the parents to ensure equal summer parenting time. This schedule must take into account summer holidays and vacation time while ensuring equal parenting time.

   **M.**  **Child Support:**

   **(a)**  **Findings as to income:**  The Court finds that for purposes of calculating child support, it finds Father's income to be $14,726.00 per month; and it finds Mother's Income to be $500 per month. Child Support payable from Father to Mother, pursuant to the Worksheet agreed upon by the parties, and attached hereto, is presumed to be per month. Additionally, the children are enrolled in the health insurance provided by Father as a benefit of his duties with the United States Army. Any uncovered costs for the children's health care shall be paid by the parties together, with Father paying for 40% of the uncovered costs and Mother paying 60% of the uncovered health care costs.

   **(b)**  **Support amount:**  After examining the respective incomes, the parties stipulate that Scott shall pay to Sara the sum of $2,989.00 as and for the support of the minor children consistent with the Child Support Worksheet prepared by Respondent's counsel, filed and agreed upon by the parties, with the Court, in the amount equal to $2,989.00, beginning August 1, 2022, and each month thereafter until further modified or terminated by the Court. The parties understand that support shall be payable by wage assignment through the Kansas Payment Center, beginning August 1, 2022, by wage assignment to the United States Army/DFAS payable to the order of the Kansas Payment Center. All payments shall be mailed to Kansas Payment Center, P.O. Box 758599, Topeka, Kansas 66675-8599. The two-digit County designation of LV and the case number, 2019-DM-000394, shall be included in the memo portion of each payment. Each party shall inform the District Court in writing of any change of name, residence, or employer (with business address) within seven (7) days after such change. The parties understand that child support is subject to future modification each time a child reaches age 18, or following their graduation from high school, whichever comes later; and, that the obligation for support shall continue until each child is emancipated under law.

*(c)* **Health insurance:** Scott will retain a policy of health and dental insurance covering the minor children, at current benefit and deductible levels. Scott will pay all premiums due for said health and dental insurance. The parties understand that certain expenses will not be covered by the health insurance policy provided by Scott therefore medical costs shall be shared as set forth below:

*(i)* **Non-covered costs:** Each parent has the financial resources to any reasonable and necessary costs of medical care not covered by the Plan for the child and that such non-covered costs shall be divided 40% to Father and 60% to Mother and they shall pay said cost when due. The parties shall substantially comply with the terms of the Plan.

*(ii)* **Definition of Cost of Medical Care:** "Reasonable and necessary medical care costs" are defined to be all expenses and costs to the minor children from a health care provider licensed by the State and provided, requested, or prescribed by a medical care provider or mandated by the State, including orthodontia. Medical care costs/expenses do not include the cost of non-prescription drugs or non-emergency transportation to a health care provider of a child, or the costs incurred by a parent individually, in supporting the request of a health care provider as to the care of the minor child.

*(iii)* **Presenting Medical Bills for Reimbursement:** Each parent shall receive a copy of the insurer's explanation of benefits showing the amounts paid or denied by the health care providers. Within 30 days of receipt of the insurer's explanation of benefits, each parent shall pay the parent's share of the amount owed to the medical provider and reimburse the other parent for the appropriate portion of any amount advanced by the other parent. If the entire amount owed to the medical provider cannot be paid in full within 30 days, each parent shall arrange payments for his or her share of the expenses to the medical provider.

*(d)* **Dependency deductions:** Father will claim K▇▇▇ each year for tax purposes each year beginning 2022. Mother will claim A▇▇ ▇▇▇ as a tax dependent beginning with the 2021 tax year. Beginning the first year after A▇▇ ▇▇▇'s graduation from high school, the parties will alternate the deduction for K▇▇▇ until she becomes emancipated as a matter of law.

N. <u>**Incorporation into Journal Entry**</u>: We agree that the terms of the agreement contained herein shall be set out in the Journal Entry submitted to the Court.

     **O.**    <u>*Guardian Ad Litem Fees*</u>:  The Court finds that the Guardian Ad Litem has further fees due in the amount of $500 due to his retention post-trial.  This is inclusive of prior fees due and paid through the Court's orders.  He is granted Judgment against Petitioner and Respondent, jointly and severally, in the amount of $500.

     **P.**    <u>*Validity of Original Decree:*</u>  Except as specifically modified herein, the original Decree of Divorce, shall remain in full force and effect.

     **THIS AGREEMENT** was read by us in its entirety on the date shown above, as is evidenced by our signatures appearing below.

| | |
|---|---|
| _____ | _____ |
| Date | Scott C. Nauman |
| | |
| 07/15/2022 | /s/ Sara J. Mader |
| Date | Sara J. Mader |

***** END OF STIPULATION OF MODIFICATION*******

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

     **A.**    <u>**Child Issues and Parenting Plan**</u>: After considering the factors set out in KSA §23-3203, it is in the best interest of the minor children that Petitioner and Respondent maintain joint custody of the minor children, and both shall make any decisions regarding the children's health, education, activities, and welfare pursuant to the terms of the Parenting Plan set forth in Paragraph 11 above, which is incorporated herein as if fully set out. The parties shall comply with the terms therein.

     **B.**    <u>**Child Support**</u>:  After examining the respective incomes, the parties stipulate that Scott shall pay to Sara the sum of $2,989.00 as and for the support of the minor children consistent with the Child Support Worksheet prepared by Respondent's counsel, filed and agreed upon by the parties, with the Court, in the amount equal to $2,989.00, beginning August 1, 2022, and each month thereafter until further modified or terminated by the Court.  The parties understand that support shall be payable by wage assignment through the Kansas Payment

Center, beginning August 1, 2022, by wage assignment to the United States Army/DFAS payable to the order of the Kansas Payment Center. All payments shall be mailed to Kansas Payment Center, P.O. Box 758599, Topeka, Kansas 66675-8599. The two-digit County designation of LV and the case number, 2019-DM-000394, shall be included in the memo portion of each payment. Each party shall inform the District Court in writing of any change of name, residence, or employer (with business address) within seven (7) days after such change. The parties understand that child support is subject to future modification each time a child reaches age 18, or following their graduation from high school, whichever comes later; and, that the obligation for support shall continue until each child is emancipated under law.

        **C.**    **Costs and Attorney's Fees:** Petitioner shall pay all court costs which have accrued. Each party shall pay his/her own attorney's fees herein.

        **D.**    **Guardian Ad Litem Fees:** The Court finds that the Guardian Ad Litem has further fees due in the amount of $500 due to his retention post-trial. This is inclusive of prior fees due and paid through the Court's orders. He is granted Judgment against Petitioner and Respondent, jointly and severally, in the amount of $500.

        **E.**    **Validity of Original Decree:** Except as specifically modified herein, the original Decree of Divorce, shall remain in full force and effect.

**SO, ORDERED.**

Prepared and Submitted by:

GATES SHIELDS FERGUSON SWALL HAMMOND, P.A.
/s/ Larry V. Swall
Larry V. Swall, #18924
10990 Quivira Ste. 200
Overland Park, Kansas 66210
816/792-8700
lswall@gatesshields.com
ATTORNEY FOR RESPONDENT

Approved as to Form and Content:

By Rule 170
Gary Nelson # 13696
1000 S. 4th Street Ste. B
Leavenworth, KS 66048
gnelson@garyanelson.com
ATTORNEY FOR PETITIONER


By Rule 170
Kevin E. Reardon #12547
2300 S. 4th Street
Leavenworth, Kansas 66048
(913) 682-4430
kevinereadon@sbcglobal.net
GUARDIAN AD LITEM